IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MOISES GARCIA JR., § | |
| TDCJ No. 00358154, § | |
|     Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-22-CV-233-KC |
| § | |
| BOBBY LUMPKIN, § | |
| Director, Texas Department of § | |
| Criminal Justice, Correctional § | |
| Institutions Division, § | |
|     Respondent. § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Moises Garcia Jr. challenges Bobby Lumpkin's custody of him through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet'r's Pet., ECF No. 3. His petition is denied as time barred.

## BACKGROUND AND PROCEDURAL HISTORY

Garcia was convicted by a jury on May 23, 1983, on three counts of aggravated rape in cause numbers 36,254, 36,255, and 36,256 in the 171st District Court of El Paso County, Texas. Resp't's Resp., Ex. A, ECF No. 24-1. He was sentenced to 55-years' imprisonment on each count. *Id*. His convictions were affirmed by the Eighth Court of Appeals. *Garcia v. State*, No. 08-84-00119-CR (Tex. App.—El Paso Feb. 6, 1985, no pet.).

Garcia was paroled on March 19, 2015, with the following conditions of release:

Rule 1 – Follow instructions from my Parole Officer. I shall, upon release from the Institution, report immediately as instructed to my Parole Officer; thereafter, report as directed and follow all instructions from my Parole Officer.

Rule 8X – Enroll in sex offender treatment program.

Mem. in Supp., ECF No. 4 at 22.

On July 23, 2020, Garcia was arrested for two parole violations. *Id*. at 4. He allegedly

failed to report to his Parole Officer, as directed, on July 16, 2020. *Id*. at 17. He also allegedly "was unsuccessfully discharged" from the Sex Offender Treatment Program on July 21, 2020, due to his non-compliance with counseling and lack of attendance. *Id*. He received notice of the alleged violations and his rights during the parole revocation process on July 27, 2020. Resp't's Resp., Ex. D, ECF No. 24-4 at 2–3. He requested a preliminary hearing and a revocation hearing. *Id*. at 4. He did not receive the preliminary hearing. Resp't's Resp., Ex. C, ECF No. 24-3 at 4. But he did appear before a hearing officer with his retained counsel for a revocation hearing on October 20, 2020. *Id*. at 2. He objected to the testimony of two witnesses, testified he had accomplished "very positive things" while on parole, and presented evidence in his own behalf. *Id.* at 4–10. He was revoked on October 27, 2020, after the Board of Pardons and Paroles "sustained" the allegations against him. Mem. in Supp., ECF No. 4 at 22–23. He received a copy of the hearing officer's report and recommendation on October 29, 2020. Resp't's Resp., Ex. E, ECF No. 24-5 at 4. His motion to reopen the hearing was denied on February 22, 2021. Pet'r's Pet., ECF No. 3 at 13.

Garcia executed a state writ application challenging the parole revocation on June 1, 2021. State Habeas R., ECF No. 21-3 at 23–34 through ECF No 21-4 at 1–4. His application was denied without written order by the Texas Court of Criminal Appeals on July 7, 2021. State Habeas R., ECF No. 21-1.

Garcia signed and presumably mailed his federal petition for a writ of habeas corpus on June 29, 2022. Pet'r's Pet., ECF No. 3 at 16. He asserted three claims. *Id*. at 6–9. First, he declared the Board of Pardons and Paroles' revocation procedures violated his due process rights because he was denied his right to a preliminary hearing and the evidence did not support a finding of guilt on the allegations. *Id*. at 6; Mem. in Supp., ECF No. 4 at 5–9. Second, he alleged his counsel

2

provided constitutionally ineffective assistance when he failed to challenge the case, "impeach key witnesses, expose falsified records, expose coercion [and] false parole allegations with no evidence." Pet'r's Pet., ECF No. 3 at 8. Finally, he asserted the Board of Pardons and Paroles improperly revoked his parole without making written findings. *Id*. at 9.

## APPLICABLE LAW

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that claims under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four possible events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* §§ 2244(d)(1)(A)−(D).

"[A] properly filed application for State post-conviction or other collateral review" tolls the limitations period. *Id.* § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . [including] the time limits upon its delivery." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

The limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is not, however, available for " 'garden variety claims of excusable neglect.' " *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). It is justified only

3

" 'in rare and exceptional circumstances.' " *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations where a petitioner is actively misled by the respondent, " 'or is prevented in some extraordinary way from asserting his rights.' " *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Indeed, " '[e]quity is not intended for those who sleep on their rights.' " *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Rather, " '[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.' " *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906−07 (5th Cir. 1992)).

The petitioner has the burden of proving his entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). To satisfy his burden, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" of timely filing his § 2254 motion. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## ANALYSIS

As an initial matter, Garcia does not attack his aggravated rape convictions and a parole panel's "decision cannot be deemed a judgment." *Heiser v. Johnson*, 263 F.3d 162, at *2 (5th Cir. 2001) (citing 28 U.S.C. § 2244(d)(1)(B)). He does not suggest an unconstitutional "State action" prevented him from filing for federal relief. 28 U.S.C. § 2244(d)(1)(B). His claims do not concern a constitutional right recently recognized by the Supreme Court and made retroactive to cases on collateral review. *Id*. § 2244(d)(1)(C). So, his one-year period limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered

through the exercise of due diligence." 28 U.S.C. 2244(d)(1)(D).

Garcia could have discovered the factual predicate for his claims through the exercise of due diligence no later than October 29, 2020—the day he acknowledged receipt of the revocation hearing report. Resp't's Resp., Ex. E, ECF No. 24-5 at 4. Consequently, he had one year—or until October 29, 2021—to submit a federal petition unless a state writ application tolled the limitations period. 28 U.S.C § 2244(d)(2). He delayed filing his federal petition until June 29, 2022, the day he signed and presumably placed it in the prison mail system. Pet'r's Pet., ECF No. 3 at 16; *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998)).

Garcia did file a state writ application on June 1, 2021. State Habeas R., ECF No. 21-3 at 23–34 through ECF No 21-4 at 1–4. But his application was denied without written order 36 days later on July 7, 2021. State Habeas R., ECF No. 21-1. So, he had until December 7, 2021, to timely file his federal petition. But even when 36 days are added to Garcia's limitations period, his June 29, 2022, federal petition was still submitted 207 days beyond the expiration of the one-year limitations period.

Garcia maintains his revocation was not final until the Board of Pardons and Paroles denied his motion to reopen his hearing on February 22, 2021. Pet'r's Pet., ECF No. 3 at 13. He argues the limitations period accordingly ended one year later on February 22, 2022. But even if he adds 36 days to this date, he had until March 30, 2022, to file a timely federal petition. And he dated his petition on June 29, 2022. Pet'r's Pet., ECF No. 3 at 16. As a result, his petition is late by 91 days and is time barred unless equitable tolling applies.

Garcia has not demonstrated any rare and exceptional circumstances stood in his way of

5

timely filing a § 2254 motion. *Lawrence*, 549 U.S. 327, 336. He has not shown he acted diligently while pursuing habeas relief in the federal courts. *Id*. Consequently, he has not met his burden of proving an entitlement to equitable tolling. *Phillips*, 216 F.3d at 511.

### CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To warrant a certificate as to claims that a district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Reasonable jurists could not debate the Court's reasoning for denying Garcia's claims on procedural grounds—or find that his issues deserve encouragement to proceed. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). The Court will not issue a certificate of appealability.

### CONCLUSIONS AND ORDERS

The Court concludes that Garcia's § 2254 petition is time barred, Garcia is not entitled to equitable tolling, and it need not address the merits of Garcia's claims. The Court further

6

concludes that Garcia is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Garcia's *pro se* "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (ECF No. 3) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Garcia is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this 28th day of October, 2022.

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**